# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

**FILED**

Aug 16 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

JAY YOON SONG

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud
18 U.S.C. § 1341 – Mail Fraud
18 U.S.C. §§ 981(a)(1)(C) & 982(b)(1) &
28 U.S.C.§ 2461(c) – Forfeiture Allegations

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 16th day of

August, 2023.

Brittany Sims, Clerk

Bail, $ 50,000 Warrant

Hon. Lisa J. Cisneros, U.S. Magistrate Judge

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

FILED

Aug 16 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-cr-00270 SI |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud |
| JAY YOON SONG, | 18 U.S.C. § 1341 – Mail Fraud |
| Defendant. | 18 U.S.C. §§ 981(a)(1)(C) & 982(b)(1) & 28 U.S.C. § 2461(c)) – Forfeiture Allegations |
| | SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges, at all times relevant to this Indictment, unless otherwise indicated:

Introductory Allegations

1.  The defendant JAY YOON SONG was an individual who regularly resided in the Northern District of California, including in the City and County of San Francisco.

2.  The person identified herein as "Co-conspirator One" was an individual who regularly resided in the Northern District of California, including in the City and County of San Francisco.

3.  Manheim, Inc., which was also known as "Manheim Auto Auction" or simply as "Manheim," was a wholesale automobile auction company, headquartered in Atlanta, Georgia, with numerous locations around the United States and in several international locations.

4.  Mercury Insurance Company, commonly known as Mercury Insurance, was an American automobile insurance company. Mercury Insurance was a wholly owned subsidiary of Mercury General

INDICTMENT

Corporation, whose principal executive offices are located in Los Angeles, California. Mercury Insurance and its affiliate companies were engaged in the business of marketing and selling a variety of insurance products, including automobile insurance, to consumers throughout the United States, including in the Northern District of California.

COUNT ONE:    (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

5. The factual allegations in Paragraphs 1 through 4 are re-alleged and incorporated.

6. Beginning at a date unknown to the Grand Jury, but by no later than in or about April 2018, and continuing to at least in or about September 2018, in the Northern District of California, and elsewhere, the defendant,

JAY YOON SONG,

knowingly and willfully conspired and agreed with Co-conspirator One, and others known and unknown to the Grand Jury, to commit an offense against the United States, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Code, Section 1349.

COUNT TWO:    (18 U.S.C. § 1341 – Mail Fraud)

7. The factual allegations in Paragraphs 1 through 6 are re-alleged and incorporated.

8. Beginning at a date unknown to the Grand Jury, but by no later than in or about April 2018, and continuing to at least in or about September 2018, in the Northern District of California, and elsewhere, the defendant,

JAY YOON SONG,

did knowingly and with the intent to defraud participate in, devise, and intend to devise a scheme and artifice to defraud Mercury Insurance as to a material matter, and to obtain money and property from Mercury Insurance by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts, which scheme and artifice is summarized in part below.

Manner and Means of the Scheme and Artifice

9. As part of the scheme and artifice, Co-conspirator One purchased a severely damaged 2018 BMW 430i ("BMW 430i") from Manheim in or about April 2018. Co-conspirator One did so using the Manheim account of an automobile dealership in the Northern District of California at which

1  Co-conspirator One worked ("Auto Dealership").

2      10.    It was part of the scheme and artifice that SONG, Co-conspirator One, and others caused
3  California Department of Motor Vehicles forms to be completed in or about July 2018. Those forms
4  purported to document SONG's purchase of the BMW 430i through the aforementioned Auto
5  Dealership on July 16, 2018, with a purchase price of $14,500.00. In truth, SONG paid no money to
6  either Auto Dealership or to Manheim for the BMW 430i at or near the time of the purported purchase.

7      11.    At the time of the purchase of the BMW 430i from Manheim in or about April 2018, that
8  vehicle previously had suffered significant damage, and it was undriveable. At the time of SONG's
9  "purchase" of the BMW 430i in July 2018, that vehicle was in essentially the same condition as it had
10 been in April 2018.

11     12.    Two months prior to the date of his purported purchase of the BMW 430i, SONG
12 obtained an automobile insurance policy on the BMW 430i from Mercury Insurance, which policy
13 became effective on or about May 15, 2018.

14     13.    Between April 2018 and September 2018, no significant repairs were made to the BMW
15 430i by SONG, Co-conspirator One, Manheim, Auto Dealership, or anyone else. Accordingly, as of
16 September 2018, the BMW 430i bore significant damage and remained in an undriveable condition.

17     14.    It was then part of the scheme and artifice that, at Co-conspirator One's advice and
18 direction, SONG contacted Mercury Insurance on or about August 31, 2018, to report that he had been
19 in a single-car accident in San Francisco in the BMW 430i on August 29, 2018. By virtue of this report
20 to Mercury Insurance, SONG initiated an insurance claim regarding the BMW 430i. In the course of his
21 interactions and communications with Mercury Insurance, SONG made materially false and fraudulent
22 statements and representations to Mercury Insurance, including regarding the cause of the claimed
23 damage to the BMW 430i.

24     15.    After SONG made his insurance claim to Mercury Insurance and after SONG's
25 materially false and fraudulent statements and representations to Mercury Insurance, Mercury Insurance
26 granted SONG's insurance claim. In granting that claim, Mercury Insurance mailed through the United
27 States Postal Service a check in the amount of $47,147.51 to SONG at an address in San Francisco.
28 / / /

INDICTMENT                                            3

<u>The Use of the Mails</u>

16. On or about, or shortly after, the date set forth below, in the Northern District of California, for the purpose of executing the aforementioned scheme and artifice, and attempting to do so, the defendant,

JAY YOON SONG,

did knowingly cause to be delivered by mail according to the direction thereon the following mail matter containing a Mercury Insurance insurance reimbursement check:

| COUNT | DATE OF MAILING | DESCRIPTION OF MAILING |
|---|---|---|
| TWO | 09/11/2018 | Mailing sent to SONG at an address in San Francisco, California, containing check number 5501249121 in the amount of $47,147.51 |

All in violation of Title 18, United States Code, Section 1341.

<u>FORFEITURE ALLEGATIONS</u>:   (18 U.S.C. §§ 981(a)(1)(C), & 982(b)(1) & 28 U.S.C. § 2461(c))

17. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(b)(1), and Title 28, United States Code, Section 2461(c).

18. Upon conviction for either of the offenses set forth in Counts One and Two of this Indictment, the defendant,

JAY YOON SONG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to a forfeiture money judgment in the amount of no less than $47,147.51.

19. If, as a result of any act or omission of any of the defendant, any of said property identified above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

INDICTMENT                                                                 4

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property that cannot be divided without difficulty,

the United States shall, pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)(1)), seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(b)(1), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: August 16, 2023                                A TRUE BILL.

                                                                   */s/ Foreperson*
                                                                   FOREPERSON

ISMAIL J. RAMSEY
United States Attorney

  /S/
GALEN A. PHILLIPS
KYLE F. WALDINGER
Assistant United States Attorneys

INDICTMENT                                   5